IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. FEASTER, | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-08-1593 |
| v. | : | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : | Judge John E. Jones III |
| Defendants. | : | |

**MEMORANDUM**

**September 8, 2009**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (Rec. Doc. 14) (the "Motion"). For the following reasons, the Motion will be granted in part and denied in part.

**PROCEDURAL HISTORY:**

Plaintiff Michael A. Feaster ("Plaintiff" or "Feaster") initiated the instant action by filing a complaint on August 25, 2008. The complaint names as Defendants the Federal Bureau of Prisons ( the "BOP"); David Childress ("Childress"), the Unit Manager at the United States Penitentiary at Lewisburg ("USP-Lewisburg"); Frank Strada ("Strada"), the associate warden at USP-Lewisburg; Troy Williamson ("Williamson"), the warden at USP-Lewisburg; and

Henry Sadowski ("Sadowski"), the Northeast Regional Counsel at the Northeast Regional Office (collectively, "the Defendants"). The Defendants filed the instant Motion on December 29, 2008 (Rec. Doc. 14). A supporting brief was filed on January 13, 2009, (Rec. Doc. 17), and a brief in opposition was lodged on March 27, 2009, (Rec. Doc. 21). No reply brief has been filed, but the date in which to do so has long since expired. Accordingly, the Motion is ripe and ready for disposition.

**STANDARDS OF REVIEW:**

    **A.    Motion to Dismiss**

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief", and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 232 (citing Twombly, 127 S. Ct. at 1965 n. 3). "[A] complaint must allege facts suggestive of [the proscribed] conduct, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965, 1969 n.8. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965 n. 3).

On the other hand, "a complaint may not be dismissed merely because it

appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

    B.    **Motion for Summary Judgment**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely

on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." Jersey Cent. Power & Light Co. v. Twp. of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." Anderson, 477 U.S. at 247-48.

**STATEMENT OF MATERIAL FACTS:**

The nexus of Plaintiff's claims rests in events that occurred while he was an

inmate at USP-Lewisburg. Plaintiff contends that on July 20, 2007 he was informed that he needed to gather his personal belongings so that they could be packed and shipped to his new place of confinement, the United States Penitentiary in Tucson, Arizona ("USP-Tucson"). After requesting to speak to a Unit Manager, Plaintiff avers that Childress and six additional prison staff members arrived at his cell. Childress allegedly told Plaintiff that the Unit Team was going to pack his property and that he would receive everything upon his arrival at USP-Tuscon. When he arrived at USP-Tuscon, Plaintiff allegedly reported to the designated place for retrieving his property and discovered that a number of his personal items were missing.[1] Plaintiff proceeded to file an administrative tort claim, which was denied. After unsuccessfully pursuing the proper administrative avenues on that claim, Plaintiff lodged the instant suit, which expressly grounds the cause of action in the Federal Torts Claims Act (the "FTCA"), 28 U.S.C. §§ 1346, 2671, *et. seq*.

**DISCUSSION:**

As a preliminary matter, we note that the Defendants' brief in support of the instant Motion treats the complaint as containing two separate causes of action, one based on the FTCA and another based in Bivens v. Six Unknown Named Agents of

---

[1] Additionally, Plaintiff avers that he was given another inmate's property, which he promptly returned to USP-Lewisburg.

Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2]  However, it is clear from the face of that document that Plaintiff has lodged a singular cause of action under the FTCA.[3]  Accordingly, insofar as the instant Motion requests judgment on a Bivens theory, we will deny it as moot, since the Plaintiff is not asserting such a claim.

With regard to the Plaintiff's FTCA claim, we note that such a claim can only be properly lodged against one party, the United States of America. Abuhouran v. Soc. Sec. Admin., 291 Fed.Appx. 469, 472 (3d Cir. 2008) (citations omitted).  Accordingly, we will dismiss the individually named Defendants and substitute the United States as the only proper Defendant in the instant matter.[4]

At the outset, we note that the FTCA only serves as a limited waiver of the United States' sovereign immunity.  This waiver does not extend to situations "arising in respect . . . of the detention of goods or merchandise by any officer of

---

[2] Bivens permits individuals to recover against federal officers for alleged violations of the rights secured by federal law.

[3] The Plaintiff elected to initiate the instant action by utilizing a standard complaint form accessible to all inmates in federal custody. Under Section A of this form, entitled "Jurisdiction," Plaintiff was instructed to indicate the cause of action pursuant to which federal jurisdiction is based. There were boxes for a Bivens action, a 42 U.S.C. § 1983 action, and an "other" box.  Plaintiff checked the "other" box, and indicated that 28 U.S.C. § 2672 (the FTCA) was the statute pursuant to which this Court had subject matter jurisdiction over the instant case.  Further, under Section D, entitled "Cause of Action," Plaintiff identifies the FTCA as the singular cause of action present in this case.  Additionally, in Plaintiff's brief in opposition, he avers that he is basing all claims to recovery on the FTCA, not on Bivens.  Therefore, unlike Defendants, we do not read the complaint as lodging a Bivens claim.

[4] Accordingly, liability will be assessed based upon the official acts of the Bureau of Prisons officials involved in the packing and transporting of Plaintiff's personal property.

customs or excise or any other law-enforcement officer." 28 U.S.C. § 2680(c) ("§ 2680(c)") (the "detention of goods exception"). § 2680(c) has been interpreted as barring any claim premised on any injury to property during its detention. See U.S. v. Bein, 214 F.3d 408, 415 (3d. Cir. 2000). The Supreme Court of the United States has held that the phrase "law enforcement officer," as defined in § 2680(c), includes Federal Bureau of Prisons officials. See Ali v. Federal Bureau of Prisons, 128 S.Ct. 831, 841 (2008) (holding that prison officials who allegedly lost an inmate's property during the transfer of that inmate to another federal facility qualified as "law enforcement officers" for the purposes of § 2680). Furthermore, the securing and packing of personal property constitutes a "detention of goods." Kosak v. U.S., 465 U.S. 848, 854 (1984) (involving the detention of a serviceman's goods by customs officers upon his reentry into the Untied States); Cyrus v. Doe, 2007 WL 916300 *2-4 (M.D. Pa. 2007) (involving the detention of an inmate's property in preparation for inmate's transfer to a new facility).

In light of this controlling precedent, it is clear that Plaintiff cannot maintain an FTCA claim against the United States as a result of the detention of goods exception to the waiver of sovereign immunity. Therefore, we will grant the instant Motion in this respect and dismiss the case in its entirety. An appropriate Order will enter.